1   DAVID B. GOLUBCHIK (SBN 185520)
    dbg@lnbyb.com
2   LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
    10250 Constellation Blvd., Suite 1700
3   Los Angeles, California 90067
    Telephone:  (310) 229-1234
4   Facsimile:  (310) 229-1244

5
    Attorney for Chapter 11
6   Debtor and Debtor in Possession

7

8                    **UNITED STATES BANKRUPTCY COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10                      **LOS ANGELES DIVISION**

11

12  In re                              ) CASE NO. 2:07-bk-20197-PC
                                       )
13  BLOOMFIELD ESTATES, LLC,           ) Chapter 11
                                       )
14          Debtor.                    )
                                       )
15                                     ) **NOTICE OF MOTION AND MOTION TO**
                                       ) **DISMISS  CHAPTER  11  BANKRUPTCY**
16                                     ) **CASE    AND    DISTRIBUTE    FUNDS;**
                                       ) **MEMORANDUM   OF   POINTS   AND**
17                                     ) **AUTHORITIES AND DECLARATION OF**
                                       ) **DAVID  B.  GOLUBCHIK  IN  SUPPORT**
18                                     ) **THEREOF**
                                       )
19                                     )
                                       )
20                                     )
                                       ) [No hearing required pursuant to Local
21                                     ) Bankruptcy Rule 9013-1(g)(L)]
                                       )
22                                     )
                                       )
23                                     )
                                       )
24                                     )
                                       )
25  _____)

26  ///

27

28

**PLEASE TAKE NOTICE** that Bloomfield Estates, LLC, debtor and debtor in possession herein ("Debtor"), has filed its motion ("Motion") to dismiss its Chapter 11 bankruptcy case and disburse proceeds to creditors.

In summary, this was a single asset real estate case wherein the Debtor owned a single real estate project. The property was transferred pursuant to a settlement agreement with the Debtor's largest secured creditor and the estate received $2,130,897 in cash. Pursuant to a hearing held on November 17, 2010, the Court authorized payments to estate professionals in the aggregate amount of $2,096,913.12. Currently, the estate is comprised of cash in the amount of $32,923.73, which includes accrued interest. No other matters remain outstanding. Based on the foregoing, the Debtor submits that dismissal of this case, and distribution of funds to creditors, is appropriate. The Debtor proposes to distribute funds in accordance with the schedule attached as Exhibit "A" to the accompanying Declaration of David B. Golubchik. Pursuant to the attached schedule, after payment of remaining administrative claims, general unsecured creditors are expected to receive distribution equal to approximately 69% of their claims herein.

Based on the current facts of this case, it makes no economic sense to propose a plan of reorganization since the cost of such plan process will likely use up the remaining funds of the estate. Moreover, conversion to Chapter 7 is not prudent since such conversion will result in Chapter 7 administrative expenses, further reducing distribution to creditors and delaying such distribution. Dismissal of the case and distribution of funds to creditors appears to be the most prudent and efficient manner to complete the administration of this estate, for the benefit of all creditors.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rules 9013-1(a)(7) and (g)(1) of the United States Bankruptcy Court for the Central District of California, any opposition to the Motion or a request for a hearing on the Motion, if any, must be in writing, and filed with the Bankruptcy Court and served upon counsel for the Debtor at the address set forth in the upper left-hand corner of the first page of this Notice within fourteen

(14) days of the date of mailing of this Notice.  Pursuant to Local Bankruptcy Rule 9013-1(a)(13), a request for hearing or opposition must be accompanied by all supporting documents.

PLEASE TAKE FURTHER NOTICE that if a timely objection to the requested relief or a request for a hearing is not made, the Court may enter an order granting the relief by default.

PLEASE TAKE FURTHER NOTICE that, if a timely objection or a request for a hearing is made, counsel for the Debtor will, pursuant to Local Bankruptcy Rule 9013, provide at least ten (10) days written notice of the hearing to the objecting or requesting party of the tentative hearing date.

Dated: December 14, 2010                    BLOOMFIELD ESTATES, LLC


                                            By:    /S/ David B. Golubchik
                                                  DAVID B. GOLUBCHIK
                                                  LEVENE, NEALE, BENDER, YOO
                                                  & BRILL L.L.P.
                                                  Attorney for Chapter 11 Debtor
                                                  and Debtor in Possession

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### STATEMENT OF RELEVANT FACTS

1.     Pre-petition, Bloomfield Estates, LLC, the debtor and debtor in possession herein (the "Debtor" or "Bloomfield"), owned certain real property located at 3099 Mandeville Canyon Road, Los Angeles, California (the "Property").  The Property consists of a 112 acre residential estate in Brentwood, California known as the Robert Taylor Ranch.  The Property contains a main house with over 11,000 square feet.

2.     On November 5, 2007 (the "Petition Date"), the Debtor commenced this case by filing a voluntary Chapter 11 petition under Title 11 of the United States Code ("Bankruptcy Code"), 11 U.S.C. §§ 101-1532.

3.     Prior to the Petition Date, New Stream Real Estate, LLC ("NSRE") and the Debtor entered into a certain written Loan Agreement and various documents ancillary thereto pursuant to which NSRE made a loan to the Debtor (the "Loan") that was disbursed on or about May 19, 2006.

3.     In connection with the Loan, the Debtor granted NSRE liens on and security interests in all of the Debtor's property (the "Collateral"), including the Property and all of the buildings, appurtenances and improvements thereon.

4.     On or about March 8, 2007, the Debtor and its sole member, Kenneth Roberts ("Roberts" and collectively with the Debtor, the "Bloomfield Parties"), filed a complaint (the "First Complaint") in the United States District Court for the Central District of California (the "District Court"), commencing Case No. CV 07-01543 SJO (FMOx), styled "KENNETH J. ROBERTS, an individual, and BLOOMFIELD ESTATES, L.L.C., a California limited liability company, Plaintiffs, NEW STREAM REAL ESTATE, L.L.C., a Delaware limited liability company; NEW STREAM CAPITAL, L.L.C.; DONALD PORTER; JOHN COLLINS;

ROBERT HEBERT; CAZCOR, a corporation,; GUY CASTRACANE and DOES 1-10, inclusive, Defendants" (the "District Court Action").  In May 2007, NSRE and other named defendants (collectively, the "New Stream Parties") filed an Answer to the First Complaint.  On or about May 23, 2007, the New Stream Parties filed an Amended Answer to the First Complaint.

5.     On or about February 18, 2008, after Bloomfield filed for bankruptcy, Bloomfield, Roberts and the New Stream Parties agreed in principle to terms for a settlement, which was presented to the District Court at a hearing held on February 19, 2008, and then documented and executed by the parties over the next several days.  The terms of the resultant "Settlement Agreement and Mutual Release" (the "Settlement Agreement") provided that the Bloomfield Parties released all of their claims against the New Stream Parties, except for Bloomfield's rights to assert against NSRE that the Loan "is usurious or unconscionable by reason of being usurious," and its right to appeal an earlier ruling of the District Court that Bloomfield's cause of action for usury was not ripe because it had not repaid all of the Loan principal.

6.     On February 25, 2008, the District Court entered a consent judgment (the "Consent Judgment") that dismissed with prejudice all claims of the Bloomfield Parties "whether known or unknown, that were brought in this action or asserted or that could have been brought in this action" except for Bloomfield's claims that the Loan was "usurious or unconscionable by reason of usury" (the "Usury Claims").  The Consent Judgment dismissed the Usury Claims pursuant to the ruling set forth in an order issued by the District Court on February 12, 2008, in which the District Court held that claims for usury are premature until principal has been repaid, without prejudice to any rights Bloomfield may have had to appeal from such holding in the February 12, 2008, order.

7.     On March 11, 2008, the Bloomfield Parties appealed from the Consent Judgment to the U.S. Court of Appeals for the Ninth Circuit (the "Usury Appeal"). The Usury Appeal has been briefed but is stayed pending resolution of a motion by the Bloomfield Parties

1    seeking a temporary remand to provide the District Court jurisdiction to adjudicate a motion to

2    vacate the Consent Judgment (described below).

3        8.    On or about February 28, 2008, NSRE filed a proof of claim in the Case

4    ("NSRE Proof of Claim") asserting a secured claim as of the Petition Date in the amount of

5    $33,289,470.33, plus claims in an undermined amount in excess of $700,000 for

6    indemnification, costs and legal fees pursuant to contract, including the fees, costs and expenses

7    incurred by NSRE in connection with the District Court Action, among other amounts.  In the

8    NSRE Proof of Claim, NSRE additionally reserved its rights to seek post-petition interest to the

9    fullest extent allowable pursuant to 11 U.S.C. § 506(b) or otherwise; exit fees payable pursuant

10   to section 2.2(d) of the Loan Agreement if and when the Loan is repaid; premiums, costs,

11   expenses, fees and other charges incurred both before and after the Petition Date; and adequate

12   protection payments.

13       9.    NSRE asserts that to the extent the Collateral may be of sufficient value, the

14   amount of NSRE's claims calculated pursuant to the terms of the Loan Agreement exceeds $48

15   million.  NSRE and the Bloomfield Parties disagree as to the value of the Collateral and the

16   amount and validity of NSRE's claims against Bloomfield.

17       10.    Pursuant to an order entered by the Bankruptcy Court on December 20, 2007,

18   the deadline for Bloomfield to object to the allowance of NSRE's claims was April 25, 2008.

19   No party other than Bloomfield has challenged the claims of NSRE including the NSRE Proof

20   of Claim.  No party, including Bloomfield, has challenged the validity of the pre-petition liens

21   and security interests granted by Bloomfield in favor of NSRE.

22       11.    On April 25, 2008, Bloomfield filed an adversary complaint (the "Second

23   Complaint") in the Bankruptcy Court commencing the adversary proceeding captioned

24   Bloomfield Estates, LLC v. New Stream Real Estate, LLC, Case No. 2:08-ap-01427-SB (the

25   "Adversary Proceeding").  In the Second Complaint, Bloomfield re-alleged the Usury Claims,

26   requested declaratory relief, and asserted two additional causes of action that Bloomfield had

27   consented to dismiss in the District Court Action.  On August 5, 2008, NSRE moved for

28   summary judgment dismissing the Second Complaint.  On October 6, 2008, and October 7,

2008, respectively, the Bankruptcy Court issued tentative rulings and bench rulings that granted summary judgment in favor of NSRE on all of the claims except the Usury Claims.  An agreed form of written order setting forth the tentative and bench rulings was lodged with the Bankruptcy Court by counsel for Bloomfield but has not been entered.  On or about December 1, 2008, NSRE and Bloomfield filed a joint pretrial order that contained various provisions that NSRE and Bloomfield were unable to agree upon.

12.    On November 28, 2008, Bloomfield moved the Bankruptcy Court for leave to file a proposed amended complaint in the Adversary Proceeding (the "Third Complaint"), and moved the Bankruptcy Court to vacate the Consent Judgment.  Through the Third Complaint, Bloomfield proposed to assert nine claims for relief that NSRE asserts were previously dismissed by the Consent Judgment.  At a hearing held on March 4, 2009, the Bankruptcy Court ruled that "what the Debtor has to do is go back to the District Court" to seek to vacate the Consent Judgment.  On April 6, 2009, the Bloomfield Parties filed a motion to vacate the Consent Judgment in the District Court Action.  On April 21, 2009, the District Court issued an order indicating that it would adjudicate the motion to vacate, once the Usury Appeal is remanded, so as to re-vest jurisdiction in the District Court.  On April 30, 2009, Bloomfield moved the Ninth Circuit for a remand.

13.    On February 20, 2009, NSRE moved the Bankruptcy Court for approval of the Settlement Agreement pursuant to Fed. R. Bank. P. 9019(a).  On or about March 12, 2009, the Bankruptcy Court denied such motion on the grounds that (a) NSRE lacked standing to bring the motion and (b) the Court was not satisfied that the settlement was in the best interest of the estate.  NSRE appealed the Bankruptcy Court's decision to the District Court, which appeal was dismissed as interlocutory on September 16, 2009.

14.    On September 4, 2009, NSRE filed a proposed "First Amended Plan of Reorganization (Liquidation)" and a corresponding proposed disclosure statement.  On September 22, 2009, NSRE filed a "Modified First Amended Plan of Reorganization (Liquidation)" (the "NSRE Plan") and a corresponding modified proposed disclosure statement (the "NSRE Disclosure Statement").  Bloomfield objected to approval of the NSRE Disclosure

Statement.  The hearing to approve the NSRE Disclosure Statement has been continued by consent of the Parties.

15.     On October 1, 2009, Bloomfield filed an additional adversary complaint in the Bankruptcy Court styled Bloomfield Estates, LLC v. New Stream Real Estate, L.L.C., Donald Porter, and Does 1-20, (the "Fourth Complaint"), purporting to commence Adversary Proceeding No. 09-ap-02249-SB (the "Second Adversary Proceeding").  The Fourth Complaint asserted claims for intentional and negligent interference with prospective economic advantage, equitable subordination, and payment of attorneys' fees.

16.     For more than three years, the Parties have engaged in discussions and negotiations to resolve the disputes among them.  The Parties have concluded that to avoid the expense, delay and uncertainty of litigation, it is appropriate to resolve any and all disputes relating to the matters raised in the District Court Action, the Usury Appeal, the Adversary Proceeding, the Second Adversary Proceeding, and the Case (collectively, the "NSRE Disputes"), and anything otherwise relating to the allowance and priority of NSRE's claims and any and all asserted and unasserted claims among the Bloomfield Parties and the New Stream Parties, on the terms set forth herein.

17.     Bloomfield has determined that the resolution of the Case as soon as practicable will materially reduce the burdens on Bloomfield's estate to the benefit of all creditors and other parties in interest.

18.     On or about October 16, 2009, the Bloomfield Parties and the New Stream Parties entered into a Confidential Stipulation Allowing Claims Of New Stream Real Estate, LLC, Resolving Related Litigation and Disputes and Providing Related Relief (the "Settlement Agreement") and related documents (collectively, the "Settlement Documents").   The Settlement Documents require that the terms of the settlement remain confidential and authorize Bloomfield to seek authority to submit the Settlement Agreement under seal.  Based on the foregoing, concurrently with the filing of a motion to approve settlement, Bloomfield filed a separate motion for authority to file the Settlement Agreement under seal.   The Bankruptcy Court denied Bloomfield's request to file the Settlement Agreement under seal.

1    Thereafter, the Settlement Agreement was filed in its entirety and served on all parties in
2    interest.

3        19.    Pursuant to the Settlement Agreement, the Bloomfield Parties were provided
4    time to obtain financing or another transaction to pay to NSRE a discounted amount in full and
5    complete satisfaction of its secured claim.  If the foregoing was not timely achieved, then the
6    Property was to be transferred to NSRE and NSRE has agreed to advance sufficient funds to
7    pay estate claims in full, as set forth in Exhibit F to the Settlement Agreement.  The motion to
8    approve Settlement Agreement was heard on November 17, 2009 and approved pursuant to an
9    order entered on December 30, 2009 [Docket No. 180].

10       20.    Pursuant to the Settlement Agreement, as extended by the Parties from time to
11   time, the deadline for a discounted payoff was September 27, 2010 (the "Payment Deadline").
12   The Bloomfield Parties were unable to obtain the necessary funding and the Property was
13   transferred to NSRE.  Pursuant to the Settlement Agreement, NSRE has advanced $2,130,897,
14   which funds are held in the trust account of the Debtor's counsel pending further order of this
15   Court.

16       21.    Based on the foregoing, the Debtor is prepared to make final distributions and
17   close the administration of this estate.  Such distribution may be effectuated through a plan of
18   reorganization, conversion to Chapter 7 and administration by a Chapter 7 trustee or dismissal
19   of the case and concurrent distribution of funds to creditors. A Chapter 11 plan of
20   reorganization would be a time consuming (at least 3 months) and expensive process.  A
21   conversion to Chapter 7 would involve chapter 7 administrative expenses and delay in
22   distribution to creditors.  It appears that dismissal and distribution of funds is the most efficient
23   and expeditious manner of providing a benefit to the creditors of the estate as quickly as
24   possible.

25       22.    Attached to the Declaration of David B. Golubchik as Exhibit A is a schedule of
26   claims and proposed distributions in connection with dismissal of the case.  It is anticipated
27   that, after payment of remaining administrative claims, general unsecured creditors will receive
28   distributions equal to approximately 69% of their claims in the Debtor's case.

1

2                                    **II.**

3                              **DISCUSSION**

4       Section 1112(b) of the Bankruptcy Code provides in relevant part as follows:

5
            [O]n request of a party in interest, and after notice and a hearing, . . . the court
6           shall convert a case under this chapter to a case under chapter 7 or dismiss a case
            under this chapter, whichever is in the best interests of creditors and the estate, if
7           the movant establishes cause.

8  11 U.S.C. § 1112(b).  Section 1112(b) of the Bankruptcy Code contains 16 examples of what

9  constitutes "cause."   Notably, the 16 examples of "cause" for dismissal set forth in the

10 Bankruptcy Code generally relate to bad acts by a debtor.  This is not surprising because

11 dismissal is usually seen as the ultimate penalty when a debtor fails to proceed as required by

12 the Bankruptcy Code and Bankruptcy Rules.  See In re Kimble, 96 B.R. 305, 307 (Bankr. D.

13 Mont. 1988).  The foregoing examples of cause for dismissal are not exclusive and "'[a] court

14 may consider other factors as they arise and may 'use its equitable powers to reach an

15 appropriate result in individual cases.'"  In re Mechanical Maintenance, Inc., 128 B.R. 382, 386

16 (E.D. Pa. 1991) (quoting S. Rep No. 989, 95th Cong., 2d Sess. 117, reprinted in 1978 U.S.

17 Code Cong. & Admin. News 5787, 5903); see also 11 U.S.C. § 102(3).

18
19       Once it is determined that "cause" exists, the Court must determine whether to convert

20 or dismiss the case based on what is in the best interests of creditors and the estate.  In re Staff

21 Investment Co., 146 B.R. 256, 260 (Bankr. E.D. Cal. 1993); In re Evans, 2002 WL 33939733, 1

22 (Bankr. D. Idaho 2002).   This determination is committed to the Court's wide discretion.

23 Pioneer Liquidating Corp. v. United States Trustee (In re Consolidated Pioneer Mortgage

24 Entities), 248 B.R. 368, 375 (9th Cir. BAP 2000); Kimble, 96 B.R. at 307.  A "[d]ebtor's

25 request [to dismiss its Chapter 11 bankruptcy case] should ordinarily be granted unless some

26 'plain legal prejudice' will result to the creditors.'"   Kimble, 96 B.R. at 907 (quoting In re

27

28

1  Geller, 74 B.R. 685, 688-89 (Bankr. E.D. Pa. 1987, citing In re Hall, 15 B.R. 913, 915-16 (9th

2  Cir. BAP 1981; In re International Airport Inn Partnership, 517 F.2d 510, 512 (9th Cir. 1975)).

3      As discussed above, the estate is comprised of cash and no other assets.  Based on the

4  foreging, the Debtor is prepared to make final distributions and close the administration of this

5
6  estate.  Such distribution may be effectuated through a plan of reorganization, conversion to

7  Chapter 7 and administration by a Chapter 7 trustee or dismissal of the case and concurrent

8  distribution of funds to creditors. A Chapter 11 plan of reorganization would be a time

9  consuming (at least 3 months) and expensive process.  A conversion to Chapter 7 would

10 involve chapter 7 administrative expenses and delay in distribution to creditors.  It appears that

11 dismissal and distribution of funds is the most efficient and expeditious manner of providing a

12
13 benefit to the creditors of the estate as quickly as possible.  As a result, the Debtor submits that

14 dismissal of the case, with concurrent payment to creditors is appropriate in this case and in the

15 best interest of all creditors.

16

17                                   **III.**

18                               **CONCLUSION**

19      **WHEREFORE**, the Debtor respectfully requests that the Court enter an order

20  (1)    granting the Motion in its entirety;

21  (2)    dismissing this case;

22
23  (3)    authorizing the Debtor to make distributions in accordance with Exhibit A to the

24  Declaration of Kenneth J. Roberts; and

25

26

27

28

1     (4)    granting such other and further relief as the Court deems just and proper.

2    Dated: December 14, 2010                    BLOOMFIELD ESTATES, LLC

3

4                                     By:___ /S/ *David B. Golubchik*_____
                                         DAVID B. GOLUBCHIK
5                                        LEVENE, NEALE, BENDER, YOO
                                            & BRILL L.L.P.
6                                        Attorneys for Chapter 11 Debtor
                                         and Debtor in Possession
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF DAVID B. GOLUBCHIK

I, DAVID B. GOLUBCHIK, HEREBY DECLARE AS FOLLOWS:

1.    I am a partner of the law firm of Levene, Neale, Bender, Yoo & Brill L.L.P. ("LNBYB"), bankruptcy counsel for Bloomfield Estates, LLC, debtor and debtor in possession herein ("Debtor").

2.    Pursuant to the settlement agreement with New Stream, New Stream transferred the sum of $2,128,897 to LNBYB, which was maintained in LNBYB's client trust account.

3.    On November 17, 2010, I attended a hearing on final fee applications of estate professionals, at which time the fee applications were granted.  After payment of fees pursuant to this Court's order, LNBYB is currently holding $32,923.73 in its trust account.

4.    Based on our analysis of claims scheduled and asserted in this case, we prepared a schedule, a true and correct copy of which is attached hereto as Exhibit "A".  Based on such schedule, it appears that general unsecured creditors will receive approximately 69% on account of their claims in the Debtor's case.

I declare and verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on this 14th day of ~~October~~ December 2010, at Los Angeles, California.

DAVID B. GOLUBCHIK

**EXHIBIT A**

## Exhibit A

**TOTAL AVAILABLE FUNDS**                                           **$32,923.73**

| Less Administrative Claims | Amount |
|---|---|
| Office of the US Trustee | $10,025.00 |
| Franchise Tax Board (Claim No. 1) | $912.67 |
| Franchise Tax Board (Claim No. 4) | $800.00 |
| Franchise Tax Board (Claim No. 6) | $117.94 |
| TOTAL | $11,855.61 |

**AVAILABLE FUNDS**                                           **$21,068.12**

| Less Secured Claims | Amount |
|---|---|
| Los Angeles County Tax Collector (Claim No. 5) | $    0[1] |

**AVAILABLE FUNDS**                                           **$21,068.12**

| Less Unsecured Claims | Amount | Distribution |
|---|---|---|
| Philip D. Dapeer, Esq. (scheduled) | $    0[2] | $0 |
| Aon Private Risk Insurance (scheduled) | $    0[3] | $0 |
| Iacobellis & Associates (scheduled) | $18,345.00 | $12,692.54 |
| Nigro, Karlin, Segal, Feldstein LLC (scheduled) | $10,000.00 | $ 6,918.80 |
| Los Angeles DWP (scheduled) | $1,117.00 | $    772.83 |
| Franchise Tax Board (Claim No. 2) | $    988.43 | $    683.87 |
| TOTAL | $30,450.43 | $21,067.24 |

**Pro-rata distribution for general unsecureds:  69.188%**

---

[1] Filed claim of $24,333.33.  However, this statutory real property tax claim was assumed and/or paid by New Stream.

[2] Scheduled claim of $85,000.00.  No claim filed.  Moreover, per application to employ Dapeer as special litigation counsel, Dapeer testified that he holds no pre-petition claim.  As a result, no distribution.

[3] This is insurance claim, scheduled in the amount of $25,881.25.  No proof of claim filed.  New Stream advanced funds to pay for coverage and included this amount in its claim.  As a result, claimant will not receive distribution.

| In re:<br>BLOOMFIELD ESTATES, LLC,<br><br>Debtor(s). | CHAPTER  11<br><br>CASE NUMBER  2:07-bk-20197-SB |
|---|---|

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 10250 Constellation Blvd., Ste. 1700, Los Angeles, CA  90067

A true and correct copy of the foregoing document described as **NOTICE OF MOTION AND MOTION TO DISMISS CHAPTER 11 BANKRUPTCY CASE AND DISTRIBUTE FUNDS; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF DAVID B. GOLUBCHIK IN SUPPORT THEREOF**   will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I.   **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **December 15, 2010** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

    * Russell Clementson    russell.clementson@usdoj.gov
    * Robert P Goe    kmurphy@goeforlaw.com, rgoe@goeforlaw.com;mforsythe@goeforlaw.com
    * David B Golubchik    dbg@lnbrb.com
    * James KT Hunter    jhunter@pszyjw.com
    * Robert M Novick    dfliman@kasowitz.com
    * Kimberly A Posin    kim.posin@lw.com
    * Craig M Rankin - DECEASED -    cmr@lnbrb.com
    * Holly Roark    holly@roarklawoffices.com
    * United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
    * Dean A Ziehl    dziehl@pszjlaw.com, dziehl@pszjlaw.com
☐  Service information continued on attached page

II.  **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On  **December 15, 2010** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
**VIA U.S. MAIL – SEE ATTACHED SERVICE LISTS**
☒  Service information continued on attached page

III.  **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **December 15, 2010**  I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.
**VIA MESSENGER DELIVERY**
Honorable Peter Carroll
United States Bankruptcy Court
255 E. Temple Street, Ctrm 1539
Los Angeles, CA  90012          ☐  Service information continued on attached page
I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct

| **December 15, 2010** | Angela Antonio | */s/ Angela Antonio* |
|---|---|---|

In re Bloomfield Estates, LLC
2:07-bk-20197-SB
RSN

SERVED VIA US MAIL EXCEPT WHERE
INDICATED AS SERVED VIA NEF (*)

VIA NEF NOTIFICATION *
Office of the U.S. Trustee
725 S. Figueroa Street, Ste. 2600
Los Angeles, CA  90017

VIA U.S. MAIL
Bloomfield Estates, LLC
3099 Mandeville Canyon Road
Los Angeles, CA 90049

VIA U.S. MAIL
Attorney for New Stream Real Estate
Brad R. Godshall, Esq.
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., Ste 1100
Los Angeles, CA 90067

VIA NEF NOTIFICATION *
Attorney for New Stream Real Estate
Robert M Novick, Esq.
Kasowitz, Bensonn, Torres & Friedman LLP
1633 Broadway
New York, NY 10019-6799

VIA NEF NOTIFICATION *
Attorneys for Strategic Land Advisors
Robert P. Goe
Goe & Forsythe, LLP
660 Newport Center Drive, Ste 320
Newport Beach, CA 92660

VIA U.S. MAIL
Philip Dapeer, Esq.
Philip D Dapeer, A Law Corp
2625 Townsgate Rd Ste 330
Westlake Village, CA 91361-5749

Susan Azad
Latham & Watkins
355 South Grand Ave
Los Angeles, CA 90071-1560

In re Bloomfield Estates, LLC
2:07-bk-20197-SB
MML

SERVICE VIA U.S. MAIL UNLESS
INDICATED AS SERVED VIA NEF (*)

Gary Baddin *
Office of the U.S. Trustee
725 S. Figueroa Street, Ste. 2600
Los Angeles, CA  90017

Bloomfield Estates, LLC
3099 Mandeville Canyon Road
Los Angeles, CA 90049

David B. Golubchik *
Levene, Neale, Bender, Yoo & Brill L.L.P.
10250 Constellation Blvd., Suite 1700
Los Angeles, CA 90067

Affinity Insurance Services
5161 Lankershim Blvd., Suite 240
North Hollywood, CA 91601

Aon Private Risk Insurance
707 Wilshire Blvd., Suite 6000
Los Angeles, CA 90017

Franchise Tax Board
Special Procedures
POB 2952
Sacramento, CA 95812

Iacobellis & Associates
11145 Tampa Ave Ste 10B
Porter Ranch, CA 91326

Internal Revenue Service
Insolvency I Stop 5022
300 N. Los Angeles St., #4062
Los Angeles, CA 90012-9903

Los Angeles County Tax Collector
P.O. Box 54018
Los Angeles, CA 90054-0018

Los Angeles DWP
PO Box 30808
Los Angeles, CA 90030

New Stream Real Estate, LLC
Attn: Dennis Diczok, Portfolio Mgr
38C Grove Street, 2nd Floor
Ridgefield, CT 06877

Nigro, Karlin, Segal, Feldstein LLC
10100 Santa Monica Bl., Suite 1300
Los Angeles, CA 90067

Pacific Crest Consultants, Inc.
23622 Calabasas Rd., Suite 100
Calabasas, CA 91302

Philip D. Dapeer, Esq.
Philip D Dapeer, A Law Corp
2625 Townsgate Rd Ste 330
Westlake Village, CA 91361-5749

S.P. Larner
18730 Oxnard Street, Suite 208
Tarzana, CA 91356

Internal Revenue Service
Centralized Insolvency Operations
PO Box 21126
Philadelphia, PA  19114-0326

Los Angeles County Treasurer
& Tax Collection Rev & Enforcement
PO Box 54110
Los Angeles, CA  90054-0110

In re Bloomfield Estates
Professionals Employed

**SERVED VIA U.S. MAIL**

Special Litigation Counsel
Philip D Dapeer, Esq.
2625 Townsgate Road Ste. 330
Westlake Village, CA 91361-5749
~~699 Hampshire Road, Suite 105~~
~~Westlake Village, CA 91361~~

Broker
Julie Greener
Sotheby's International Realty
1482 E. Valley Rd., Ste. 44
Montecito, CA  93108

Broker
Joyce Rey / Kimberly Grant
Coldwell Banker
166 N. Canon Drive
Beverly Hills, CA  90210

Special Litigation Counsel
Eric L. Bernthal, Esq.
LATHAM $^{\&}$ WATKINS $^{LLP}$
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004-1304

Broker
Brian Adler
Westside Estate Agency
210 North Canon Drive
Beverly Hills, CA  90210

Special Litigation Counsel
Adam Wright, Esq.
LATHAM $^{\&}$ WATKINS $^{LLP}$
355 South Grand Avenue
Los Angeles, CA 90071-1560

Label Matrix for local noticing
0973-2
Case 2:07-bk-20197-PC
Central District Of California
Los Angeles
Wed Dec 15 09:48:46 PST 2010

Broomfield Estates, LLC
3093 Mandeville Canyon Road
Los Angeles, CA 90049-1011

Employment Development Dept.
Bankruptcy Group MIC 92E
P.O. Box 826880
Sacramento, CA 94280-0001

Franchise Tax Board
ATTN: Bankruptcy
P.O. Box 2952
Sacramento, CA 95812-2952

(p)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 21126
PHILADELPHIA PA 19114-0326

L.A. County Tax Collector
Bankruptcy Unit
2615 S. Grand
Los Angeles, CA 90007-2608

Levene, Neale, Bender, Rankin & Brill L.L.P.
10250 Constellation Boulevard, Suite 170
Los Angeles, CA 90067-6200

Los Angeles City Clerk
P.O. Box 53200
Los Angeles, CA 90053-0200

New Stream Real Estate, LLC
38 C Grove Street
2nd Floor
Ridgefield, CT 06877-4667

Securities & Exchange Commission
5670 Wilshire Avenue., 11th Floor
Los Angeles, CA 90036-5627

Strategic Land Advisors Inc
c/o Robert  P Goe Esq
660 Newport Center Dr Ste 320
Newport Beach, CA 92660-6499

Los Angeles Division
255 East Temple Street,
Los Angeles, CA 90012-3332

Affinity Insurance Services
5161 Lankershim Blvd., Suite 240
North Hollywood, CA 91601-4963

Aon Insurance
707 Wilshire Blvd., Suite 6000
Los Angeles, CA 90017-3543

Brad R. Godshall
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., Ste. 1100
Los Angeles, CA 90067-4111

Craig M. Rankin
Levene, Neale, Bender, Rankin & Brill L.
10250 Constellation Blvd.
Suite 1700
Los Angeles, CA 90067-6253

Franchise Tax Board
Special Procedures
POB 2952
Sacramento, CA 95812-2952

IACOBELLIS & ASSOCIATES
11445 TAMPA AVE STE 10B
PORTER RANCH CA 91326-1749

LOS ANGELES COUNTY TREASURER
& TAX COLL REV & ENFORCEMENT
PO BOX #54110
LOS ANGELES, CA 90054-0110

Los Angeles County Tax Collector
P.O. Box 54018
Los Angeles, CA 90054-0018

Los Angeles DWP
PO Box 30808
Los Angeles, CA 90030-0808

New Stream Real Estate, LLC
Attn: Dennis Diczok, Portfolio Mgr
38C Grove Street, 2nd Floor
Ridgefield, CT 06877-4667

Nigro, Karlin, Segal, Feldstein LLC
10100 Santa Monica Bl., Suite 1300
Los Angeles, CA 90067-4114

Philip D. Dapeer, Esq.
699 Hampshire Blvd #105
Westlake Village, CA 91361-2352

Robert M. Novick, Esq.
Kasowitz, Benson, Torres & Friedman LLP
1633 Broadway
New York, New York 10019-6799

S.P. Larner
18730 Oxnard Street, Suite 208
Tarzana, CA 91356-5934

Strategic Land Advisors Inc
Robert P Goe Esq
660 Newport Center Drive, Ste 320
Newport Beach CA 92660-6499

U.S. Trustee
Ernst & Young Plaza
725 S. Figueroa Street, 26th Floor
Los Angeles, CA 90017-5524

United States Trustee (LA)
725 S Figueroa St., 26th Floor
Los Angeles, CA 90017-5524

Brad R Godshall
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd #1100
Los Angeles, CA 90067-4110

Craig M Rankin - DECEASED -
Levene Neale Bender
10250 Constellation Blvd Ste 1700
Los Angeles, CA 90067-6253

David B Golubchik
Levene Neale Bender Rankin & Brill LLP
10250 Constellation Blvd Ste 1700
Los Angeles, CA 90067-6253

Holly Roark
Roark Law Offices
1875 Century Park East Suite 600 PMB 631
Los Angeles, CA 90067-2507

Kimberly A Posin
Latham & Watkins LLP
355 S Grand Ave, Ste 100
Los Angeles, CA 90071-3104

Philip Dennis Dapeer
699 Hampshire Road, Ste 105
Westlake Village, CA 91361-2352

Robert P Goe
Goe & Forsythe, LLP
660 Newport Center Drive, Suite 320
Newport Beach, Ca 92660-6499

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Internal Revenue Service
P O Box 21126
Philadelphia, PA 19114-0325

(d)Internal Revenue Service
Insolvency I Stop 5022
300 N. Los Angeles St., #4062
Los Angeles, CA 90012-9903

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Brian Adler as Brokers

(u)Coldwell Banker Residential Brokerage

(u)Courtesy NEF

(u)Latham & Watkins Llp
None

(u)SOTHEBY'S INTERNATIONAL REALTY

(d)Bloomfield Estates, LLC
3099 Mandeville Canyon Road
Los Angeles, CA 90049-1011

End of Label Matrix
Mailable recipients    35
Bypassed recipients     6
Total                  41